**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000455**
**22-SEP-2016**
**09:37 AM**

NO. CAAP-16-0000455

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ONEWEST BANK, F.S.B., Plaintiff-Appellant,
v.
DIANA G. BROWN; D. MICHAEL DUNNE; Successor Trustee
of the Revocable Living Trust of Harold G. Strand and
MARGARET M. STRAND; JERRY IVY; OMNI FINANCIAL, INC.; CITIBANK
(South Dakota), N.A.; THE ASSOCIATION OF OWNERS OF THE KUMULANI
AT THE UPLANDS AT MAUNA KEA, an unincorporated association;
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-0410K)

ORDER
DISMISSING APPELLATE COURT CASE NUMBER
CAAP-16-0000455 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS IN CAAP-16-0000455 AS MOOT
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we

lack appellate jurisdiction over Plaintiff-Appellant OneWest

Bank, F.S.B.'s (Appellant OneWest Bank) appeal in appellate court case number CAAP-16-0000455 from the following five documents:

(1)    the Honorable Elizabeth A. Strance's March 6, 2015 order granting Appellant OneWest Bank's second motion for an order confirming the foreclosure sale;

(2)    the Honorable Elizabeth A. Strance's March 27, 2015 final judgment;

(3)    the Honorable Melvin H. Fujino's September 22, 2015 post-judgment "Order Denying Plaintiff OneWest Bank's Motion for an Order (1) Vacating Order Confirming Foreclosure Sale Filed March 6, 2015; (2) Determining Deductions to Plaintiff's Credit Bid Deposit; (3) Reopening Bid at Hearing on Motion; (4) Confirming Sale to Plaintiff at Adjusted Credit Bid Amount; (5) for Other HRCP Rule 60(b) Relief; Alternatively (6) Instructing Commissioner to Conduct a New Auction, Filed May 21, 2015" (the September 22, 2015 post-judgment order);

(4)    the Honorable Melvin H. Fujino's February 12, 2016 post-judgment order denying Appellant OneWest Bank's October 2, 2015 post-judgment motion for HRCP Rule 59 reconsideration of the September 22, 2015 post-judgment order and a July 24, 2015 post-judgment order (the February 12, 2016 post-judgment order); and

(5)    the Honorable Melvin H. Fujino's May 12, 2016 judgment on the September 22, 2015 post-judgment order and the February 12, 2016 post-judgment order.

As this court already stated in a July 13, 2016 order in a separate appeal in appellate court case number CAAP-16-0000123, under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003), we have appellate jurisdiction in appellate court case number CAAP-16-0000123 to review the September 22, 2015 post-judgment order and the February 12, 2016 post-judgment order, but, under Rule 4(a) of the Hawai'i Rules of Appellate

Procedure (HRAP), Appellant OneWest Bank's March 1, 2016 notice of appeal was not timely as to any of the earlier orders or judgments, such as

(1)  the Honorable Elizabeth A. Strance's June 3, 2014 judgment on a decree of foreclosure, which was immediately appealable pursuant to HRS § 667-51(a)(1) (Supp. 2015), and

(2)  the Honorable Elizabeth A. Strance's March 27, 2015 final judgment, which was immediately appealable pursuant to HRS § 641-1(a) (1993 & Supp. 2015), HRCP Rule 58, and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

In appellate court case number CAAP-16-0000455, Appellant OneWest Bank's June 9, 2016 notice of appeal is untimely under HRAP Rule 4(a) as to all of the appealable post-judgment orders and judgments that Appellant OneWest Bank designated for appellate review. Once the circuit court enters a judgment (as HRCP Rule 54(a)[1] defines the word "judgment"), any subsequent "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." <u>Ditto</u>, 103 Hawai'i at 157, 80 P.3d at 978 (citation omitted). Furthermore, "the separate judgment requirement articulated in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994)] is inapposite in the post-judgment context." <u>Ditto</u>, 103 Hawai'i at 158, 80 P.3d at 979.

> Clearly, the rule in <u>Jenkins</u> – to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken – is limited to circuit court orders disposing of claims raised in a circuit court complaint.

---

[1]  "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." HRCP Rule 54(a) (emphasis added).

Id. at 159, 80 P.3d at 980. For example, in Ditto, where parties filed an October 30, 2000 notice of appeal and a December 19, 2000 notice of cross-appeal from both

(1)    an appealable final March 24, 2000 post-judgment order granting in part and denying in part a post-judgment motion to return garnishment funds and award attorneys' fees and costs, and

(2)    a separate September 28, 2000 judgment that the circuit court entered on that same March 24, 2000 post-judgment order,

the Supreme Court of Hawai'i dismissed that portion of the appeal as untimely under HRAP Rule 4(a), explaining that

> the time for appealing the matters conclusively decided by the March 24, 2000 [post-judgment] order commenced upon entry thereof, not upon entry of the superfluous September 28, 2000 judgment on the [March 24, 2000 post-judgment] order. Pursuant to HRAP Rule 4(a)(1) . . . , when a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after the entry of the judgment or appealable order. Ditto's October 30, 2000 notice of appeal and McCurdy and PCT's December 19, 2000 cross-appeal . . . filed more than thirty days after the March 24, 2000 appealable [post-judgment] order, are untimely appeals of the matters decided by the March 24, 2000 [post-judgment] order. Lacking jurisdiction to entertain [this] appeal . . ., which can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion, we dismiss the appeal and cross-appeal from the March 24, 2000 [post-judgment] order and September 28, 2000 judgment[.]

Id. at 159-60, 80 P.3d at 980-81 (emphases added; citations, internal quotation marks, and brackets omitted).

Similarly in the instant case, there are two post-judgment orders that are appealable under HRS § 641-1(a) and the holding in Ditto, and, therefore, do not need a separate judgment for the purpose of perfecting any right to appeal:

(1)    the September 22, 2015 post-judgment order denying Appellant OneWest Bank's May 21, 2015 HRCP Rule 60(b) post-judgment motion to vacate the March 27, 2015 final judgment; and

(2)    the February 12, 2016 post-judgment order denying Appellant OneWest Bank's October 2, 2015 post-judgment motion for HRCP Rule 59 reconsideration

-4-

of the September 22, 2015 HRCP Rule 60(b) post-judgment order and HRCP Rule 60(b) reconsideration of the July 24, 2015 post-judgment order awarding $81,508.84.

Under the holding in Ditto, the circuit court's subsequent entry of the May 12, 2016 judgment on the September 22, 2015 post-judgment order and the February 12, 2016 post-judgment order was superfluous, and, thus, the May 12 2016 judgment is not an independently appealable document. Similar to the circumstances in Ditto, Appellant OneWest Bank's June 9, 2016 notice of appeal in appellate court case number CAAP-16-0000455 was untimely under HRAP Rule 4(a) as to the two antecedent post-judgment orders, i.e., the September 22, 2015 post-judgment order and the February 12, 2016 post-judgment order. Therefore, OneWest Bank's appeal in appellate court case number CAAP-16-0000455 is, in effect, untimely under HRAP Rule 4(a) as to all of the documents that Appellant OneWest Bank designated in its June 9, 2016 notice of appeal except for the superfluous May 12, 2016 judgment. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000455 is dismissed for lack of appellate jurisdiction.

-5-

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000455 are dismissed as moot.

DATED: Honolulu, Hawai'i, September 22, 2016.

Presiding Judge

Associate Judge

Associate Judge